IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-96 |
| | ) | |
| JERRY ALAN COLLINS | ) | |

## **MEMORANDUM AND ORDER**

Pending before the court is the defendant's motion for judgment of acquittal or a new trial [doc. 75]. The government has responded and argues that the defendant's motion is not well taken [doc. 82]. For the reasons discussed below, the defendant's motion will be denied.

First, in light of the evidence presented at trial, the defendant asks the court to revisit his motion to suppress evidence, grant the motion, and dismiss the charges. The defendant has not pointed to any particular testimony that he believes to be inconsistent with the evidence presented at the suppression hearing. The court has reviewed the transcript of the trial and finds no reason to overturn its earlier decision. Therefore, for the reasons stated in the court's earlier memorandum opinion [doc. 64], the defendant's motion to dismiss on this basis is denied.

Second, the defendant argues that the there was insufficient evidence of materiality to support his conviction for lying about owning the Dodge truck. The testimony at trial was that the defendant was asked about property he owned in order to determine whether he qualified for appointed counsel. The defendant falsely stated on his financial affidavit that he owned a 1997 Dodge truck worth $20,000. The magistrate judge appointed an attorney from the Federal Defender Services to represent the defendant based on his financial affidavit. The testimony at trial was that the information about the truck did not affect the decision to appoint counsel to represent the defendant. Nevertheless, the court finds that there was sufficient evidence that the false information about the truck was material because it had "a natural tendency to influence" or was "capable of influencing a person's decision." It does not matter whether the magistrate judge relied upon the false information when determining the defendant's eligibility for counsel. The important point is that the information was capable of influencing the magistrate judge's decision. *See, e.g.*, *United States v. Kwiat*, 817 F.2d 440, 445 (7th Cir. 1987) ("False statements may be material even though they do not mislead anyone, so long as they have the potential to influence the agency's conduct"). The defendant's motion to dismiss the conviction for the false statement about the truck must be denied.

Third, the defendant argues that the evidence was insufficient as to the mens rea element of 18 U.S.C. § 1623. He states that he presented

2

Case 3:04-cr-00096   Document 83   Filed 10/26/05   Page 2 of 5   PageID #: 121

uncontroverted expert evidence that he suffered from severe psychiatric disorders, intoxication, and diminished mental capacity at the time he gave a false name to the park rangers. The government states that the testimony concerning the defendant's demeanor at the time he was arrested and later in court controverts the defendant's expert, and the jury properly weighed the evidence in the government's favor. The court agrees with the government that it was a jury question whether the defendant had sufficient intent to knowingly give a false name. The defendant's motion on this issue must be overruled.

Fourth, the defendant argues that he is entitled to a new trial because the court improperly excluded the testimony of the defendant's expert, Dr. Seidner, concerning information in the medical records. He contends that Rule 703 of the Federal Rules of Evidence specifically allows hearsay (inadmissible facts or data) if the court determines that the probative value of the evidence outweighs its prejudicial effect. At trial, the court allowed Dr. Seidner to describe generally the types of reports that he relied on, including medical and psychiatric evaluations going back several years, as well as his own testing and observations. Dr. Seidner testified that the defendant's psychological problems did not "just spring forward" and that the defendant's history was used in arriving at his opinion that the defendant is delusional, that the defendant suffers from a psychotic disorder not otherwise specified, that the defendant likely has a bi-polar disorder, and that the defendant has a borderline personality disorder. All the

3

court excluded was the hearsay; that is, the actual prior findings related to the defendant's psychological problems. Although Rule 703 allows inadmissible testimony under some circumstances, the court finds, as it did at trial, that the jury had sufficient information to determine the credibility of Dr. Seidner's evaluation and opinion of the defendant's mental health, and the inadmissible hearsay was properly excluded. The fact that defense counsel described some of this hearsay in his opening statement to the jury, does not make it admissible later. The defendant's motion for a new trial based on the exclusion of the hearsay testimony must be denied.

Finally, the defendant argues that he is entitled to a new trial because the government was allowed to argue and present evidence concerning outstanding warrants for the defendant in violation of Rule 404(b) of the Federal Rules of Evidence. At trial, the government argued that the outstanding warrants were probative of the defendant's motive to lie about his name, and the warrants explained why the defendant was not released after his initial appearance. There was no testimony about what the warrants were for, only that they existed.

In its response to the defendant's motion for a new trial, the government submits, without citation, that the evidence "simply is not 404(b) evidence" and that it was probative of the defendant's intent, mens rea, and motive to commit perjury. Further, the government contends that the defendant placed his mental state at issue and cannot complain when evidence is

4

introduced to contradict his theory that he did not know what he was doing when he lied under oath. In retrospect, while a jury-out hearing on the government's proposed outstanding warrant evidence may have been the better course, the outcome would have been the same. The evidence was highly probative of the defendant's motive and intent, especially in light of the defendant's position that he did not know what he was doing when he gave the false name, and the court would have admitted the evidence in any event. Thus, any perceived error in failing to conduct a Rule 404(b) hearing was harmless. The defendant's motion for a new trial based on the admission of the outstanding warrant evidence must be denied.

Therefore, for the reasons stated above, it is hereby **ORDERED** that the defendant's motion for judgment of acquittal or a new trial is **DENIED**.

ENTER:

     *s/ Leon Jordan*     
United States District Judge