IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-96 |
| | ) | (JORDAN/SHIRLEY) |
| JERRY ALAN COLLINS, | ) | |
| a.k.a. JERRY ALAN COLLINS, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING REVOCATION HEARING**

This case came before the Court on August 19, 2008, for a preliminary hearing and detention hearing to determine the Defendant's release status pending his hearing before the District Court on the revocation of the Defendant's supervised release. See 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). Assistant United States Attorney D. Gregory Weddle was present on behalf of the Government. Attorney Stephen Ross Johnson was present representing the Defendant, who was also present. The Government requested that the Defendant remain in custody pending his revocation hearing. The Defendant sought release to a drug treatment facility pending his revocation hearing and requested both a preliminary hearing and a detention hearing.

At the joint preliminary/detention hearing, United States Probation Officer Tim Chavers testified that he had supervised the Defendant upon the Defendant's release from incarceration on December 3, 2007. Mr. Chavers stated that the Defendant has tested positive for marijuana on more than six of his weekly drug screens during his supervised release. Drug screens taken on March 31, 2008, April 28, 2008, May 19, 2008, June 2, 2008, June 23, 2008, and June 26, 2008 were all

1

positive for marijuana. Kroll laboratory confirmed the positive results of these tests and that each positive test indicated new use. The Defendant initially denied using marijuana and opined that the positive results must be the result of medical problem. On July 2, 2008, Defendant was presented with evidence of the positive drug screens and admitted that he had used marijuana three to four times a week since April. This testimony was undisputed by the Defendant and is evidence sufficient to establish probable cause to believe that the Defendant violated: the law (federal and state) while on release; the condition of his supervised release requiring that he not purchase, possess, use, distribute, or administer any controlled substance; and the condition that he truthfully answer all inquiries by his probation officer.

Mr. Chavers testified that in January 2008 the Defendant had failed to obtain lawful employment in violation of a condition of his supervised release and was given written instructions to obtain employment. The Defendant worked temporarily and only part-time for his aunt for a short period in February 2008, but there is no other evidence that the Defendant has been employed during his supervised release. This evidence is undisputed and is sufficient to establish probable cause to believe that Defendant violated the condition of his supervised release requiring that he work regularly at a lawful occupation.

Finally, on April 7, 2008, the Defendant admitted to Mr. Chavers that he had associated with Rachel Hamilton, a convicted felon. The Defendant admitted continuing to associate with Ms. Hamilton on April 21, 2008 despite written instructions from his probation officer that he not do so. This evidence is sufficient to establish probable cause to believe that the Defendant violated the condition of his supervised release that required he not associate with any person convicted of a felony unless granted permission to do so by his probation officer.

On cross-examination, Mr. Chavers was questioned regarding psychological evaluations of the Defendant that were conducted in 2005 and May and August 2008. These reports addressed the Defendant's substance abuse, personality disorders, and ability to self-report. None of the reports, in the Court's opinion, contradicted Mr. Chavers's initial testimony or the evidence described above, nor affected the finding of probable cause.

Considering the testimony and arguments at the hearing along with the Court file, the Court, pursuant to Fed. R. Crim. P. 32.1(b)(1)(A), finds **PROBABLE CAUSE** to believe that the Defendant has violated the conditions of his release by: Using a controlled substance, specifically marijuana; failing to work regularly at a lawful occupation; not truthfully answering inquiries from his probation officer; and associating with a known felon. The Court bases this finding on Mr. Chavers's testimony as well as the Defendant's own admissions.

With regard to detention, the Court typically orders pretrial detention of the Defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). However, with respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the burden of proof is reversed and the Court shall order that the Defendant be detained unless it finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(a)(6). The Defendant bears the burden of establishing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

As set forth fully at the detention hearing, the Court found that the Defendant tested positive for marijuana six times following his release on conditions in December 2007 and that he admitted

using marijuana three to four times a week since April 2008. Although it is not required to do so, the Court has weighed the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. The nature and circumstances of the violations in this case involve drug use, which weighs in favor of detention. See 18 U.S.C. § 3142(g)(1). As the Court has already found probable cause to believe the drug use violation occurred as alleged, the weight of the evidence against the Defendant also favors detention in this case. See 18 U.S.C. § 3142(g)(2). In addition, the Defendant's past conduct, history of drug abuse, and his criminal history all weigh in favor of detention. These factors indicate that the Defendant is a danger to the community. Furthermore, the Defendant has failed to maintain full-time employment which indicates that he is a flight risk. The Court also finds that the Defendant was on federal supervised release at the time he committed the alleged violation, a factor which also supports detention. See 18 U.S.C. § 3142(g)(3)(B).

The Defendant has failed to carry his burden of showing that he is not a danger to the community or a flight risk. The Court is not persuaded in this regard, much less by clear and convincing evidence, and further, finds that the evidence establishes that the Defendant is a danger to the community and a flight risk. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community or the Defendant's appearance. The Court has considered the Defendant's request that he be released for inpatient drug treatment at Center Point, where he is presently on the waiting list, but the Court finds that the Defendant poses a danger if released even under this proposed condition. Therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from

4

persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Leon Jordan on **August 26, 2008, at 1:30 p.m.**

    **IT IS SO ORDERED.**

                                      ENTER:

                                          s/ C. Clifford Shirley, Jr.
                                        United States Magistrate Judge