IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-96 |
| | ) | |
| JERRY ALAN COLLINS | ) | |

**MEMORANDUM AND ORDER**

This criminal case came before the court for a hearing on August 26, 2008, to determine whether the defendant's supervised release should be revoked. At the time of the hearing, counsel for the United States and the defendant argued their positions concerning the petition filed against the defendant, and the defense submitted numerous documents for the court's consideration. The defense did not contest the violations. Rather, the defendant argued that his supervised release should not be revoked and that he should be placed in treatment for drug abuse and mental problems. The government argued that the defendant's supervised release should be revoked, and he could receive the treatment he needs while in prison. The defendant was given an opportunity to speak, as well. The court took the matter under advisement to consider the exhibits proffered by the defense, and this memorandum and order reflects the court's decision.

The court finds that the defendant's supervised release should be revoked. Following a jury trial, the defendant was convicted of two counts of making a false material statement while under oath and sentenced to 36 months in prison. He was released in December 2007 to begin serving a three-year term of supervised release.

The petition filed by the United States Probation Officer on July 22, 2008, sets out the numerous violations that the defendant accumulated in the seven months he was under supervision. First, the defendant submitted six drug screens that tested positive for marijuana. He denied any drug use until the laboratory results confirmed that his usage, and he finally admitted using marijuana three or four times a week since April 2008. Thus, the court finds by a preponderance of the evidence that the defendant violated the condition of his supervised release prohibiting the possession of a controlled substance. Pursuant to 18 U.S.C. § 3583(g), this violation alone requires revocation of the defendant's term of supervised release. That section provides, in relevant part:

> If the defendant – (1) possesses a controlled substance in violation of the condition set forth in subsection (d) [prohibiting the unlawful possession of a controlled substance] . . . the court **shall revoke** the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g) (emphasis added).

Second, the defendant has had numerous opportunities to participate in the drug treatment that he now seeks. At the time of sentencing, the court recommended that the defendant be considered for the Bureau of Prison's 500-hour substance abuse program, but according to prison records the defendant "is NOT interested in drug abuse treatment." After his release, he was referred to a drug treatment program, but his positive drug screens and his failure to disclose his drug use to his counselor were seen as violations of the program. In addition, the defendant asked a counselor to "help him out" with a urine sample; that is, to not report the screen and pour it out.

Also, contrary to his conditions of supervised release, the defendant knowingly associated with another convicted felon and used marijuana with her. After he was specifically reprimanded about this association, the defendant continued to have contact with her.

The defendant made little or no effort to find a job after his release. He blamed his inability to hold a job on his need to attend drug counseling.

The defendant argued that he has serious mental health problems which require treatment rather than incarceration. While there is some evidence that the defendant suffers from a psychotic disorder (Bureau of Prison's Forensic Report, Mar. 3, 2005), there is no evidence that he cannot control his behavior. Further, the report finds that the defendant's prognosis for his mental illness depends on his ability to refrain from the use of drugs and alcohol.

3

The court has considered the policy statements in the sentencing guidelines and finds that the drug use and other violations are more than sufficient to warrant a revocation of the defendant's term of supervised release. The defendant's continued drug use and his other violations make him a danger to himself and the community. It is hereby **ORDERED** that the defendant's term of supervised release is **REVOKED**, and the defendant is committed to the custody of the Bureau of Prisons for a term of **TWO YEARS**, the maximum term allowed by statute, 18 U.S.C. § 3583(e)(3), with **no further term of supervised release**. The court is going to take the defendant's word that he now desires drug treatment, and **strongly** recommends that the defendant be placed in a facility where he can participate in the Bureau of Prison's 500-hour substance abuse program.

ENTER:

    *s/ Leon Jordan*
United States District Judge